THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Transportation, Respondent,
 v.
 James K. Pratt
 and the Citizens Bank, Mortgagee, other Condemnee, Defendants, Of Whom James
 K. Pratt is Appellant.
 
 
 

Appeal From Florence County
 Thomas A. Russo, Circuit Court Judge
Unpublished Opinion No. 2009-UP-403
Heard June 10, 2009  Filed August 17,
 2009
AFFIRMED

 
 
 
 Larry G. Reddeck of Lake City, for Appellant.
 James C. Rushton, III, Florence, for Respondent.
 
 
 

PER CURIAM:  This
 is an appeal of a jury verdict in a condemnation case.  James K. Pratt, the
 landowner, contends the trial judge erred in limiting his presentation of
 cost-to-cure evidence and in instructing the jury not to consider such evidence
 as either an element of damages or as a criterion for the determination of damages. 
 We affirm pursuant to Rule 220, SCACR, and the following authorities:  S.C.
 Code Ann. § 28-2-370 (2007) (allowing in a determination of just compensation
 consideration of only the value of the property to be taken, any diminution in
 the value of the landowner's remaining property, and any benefits of the
 proposed project to the landowner); id. § 28-2-500 (stating the amount
 offered by the condemnor as just compensation for a taking "is not
 admissible evidence and may not be referred to at the trial"); S.C.
 State Highway Dep't v. Carodale, 268 S.C. 556, 563, 235 S.E.2d 127, 130 (1977)
 (affirming the trial court's charge in a just compensation proceeding that
 "the compensable measure of damages was the value to the land at the date
 of the taking plus any resulting injury to the remaining property offset by any
 benefits to the remaining land as a result of the project"); S.C. State
 Highway Dep't v. Bolt, 242 S.C. 411, 417, 131 S.E.2d 264, 267 (1963) (describing
 special damages to the land remaining after a portion of the tract is condemned
 as including "any damage or any decrease in actual value of the remainder
 of the landowner's property which are the direct and proximate consequence of
 the acquisition of the right of way"); id. at 419-20, 131 S.E.2d at
 268 (affirming the trial judge's refusal to allow an aggrieved landowner to
 present evidence to the jury of the cost of constructing new buildings to
 replace those on the remainder property that were allegedly rendered worthless
 by acquisition of the right-of-way).
AFFIRMED.
HEARN, C.J., THOMAS and KONDUROS, JJ., concur.